# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      Plaintiff,

  v.

**RICHARD KERNER,**

      Defendant.

Case No. 05-CR-240

## ORDER

      The defendant Richard Kerner filed his motion to suppress evidence on January 31, 2007. The defendant requested that an evidentiary hearing be conducted in order to resolve the factual disputes underlying the motion. On February 9, 2007, the government advised the court that it concurred with the need to conduct an evidentiary hearing in order to resolve the motion.

      On March 5, 2007, the court sent a notice advising counsel that an evidentiary hearing would be held on April 9, 2007 at 9:30 a.m. Thereafter, the court arranged for a court reporter and for the defendant's presence (he is in custody).

      Late in the afternoon of Thursday, April 5, 2007, counsel for the defendant electronically filed a letter with the court requesting that the evidentiary hearing be rescheduled after April 16. Defense counsel indicates that the assistant United States Attorney is in agreement with the request. What the letter fails to state is the reason for the request to reschedule the hearing. Upon receipt of the letter, the court attempted to reach defense counsel, but has been unable to make contact. The court contacted counsel's office and also a cell phone, leaving messages on both. The court also sent an

email message to the attorney's office. All messages requested that counsel contact the court immediately; the phone messages emphasized that counsel provide a reason for her request for an adjournment. As of the time of this order, there has been no response from defense counsel.

The evidentiary hearing has been on the court's calendar for thirty days. Not until a little over one business day prior to the hearing did counsel seek an adjournment. No reason for the request was given. The administration of justice cannot be governed by the whims of counsel. While the court is willing to give serious consideration to requests for continuance, if they are founded on good cause, it cannot arbitrarily reschedule matters because one of the parties is, for some unknown reason, unwilling to proceed. This is a complex case with 49 defendants. Numerous motions have been filed, and the court scheduled two evidentiary hearings on motions to suppress. The other one is scheduled for the afternoon of April 9, 2007. The case must move forward without unnecessary and unjustified delay.

The request for an adjournment of the evidentiary hearing is **denied.** It will proceed as scheduled.

SO ORDERED.

Dated at Milwaukee, Wisconsin, this 6th day of April, 2007.

s/AARON E. GOODSTEIN
U.S. MAGISTRATE JUDGE